# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JAMES E. WHITNEY,
ADC #163817                                                             PLAINTIFF

V.                            5:17CV00173 BSM/JTR

WENDY KELLY,
Director, ADC, et al.                                                   DEFENDANTS

# RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, James E. Whitney ("Whitney"), is a prisoner in the Varner Unit of the Arkansas Department of Correction ("ADC"). He has filed a Petition and an Amended Petition asking the Court to preserve video recordings. He has *not* filed a Complaint. Whitney also has filed a Motion seeking a ruling on his Petition and Amended Petition.

For the following reasons, the Court recommends that: (1) the Motion for a Ruling be granted; (2) the Petition and Amended Petition be denied; and (3) this action be dismissed, without prejudice.

## II. Discussion

Whitney alleges that, in June of 2017, fifteen ADC Defendants retaliated against him for filing grievances against "a number of ADC prison staff and administrators" by wrongfully finding him guilty of two major disciplinaries. *Doc. 1 at 2-3*. Importantly, Whitney explains that he is *not* ready to file a Complaint because he is currently exhausting his administrative remedies as to his retaliation claim in the ADC's grievance process. *Docs. 1 & 2*. In the meantime, Whitney asks the Court to order ADC officials to immediately preserve numerous video recording he believes will be relevant *if he later chooses* to file a federal lawsuit raising his retaliation claim. *Id.*

The Court construes Whitney's Petition and Amended Petition as a request for preliminary injunctive relief. There, however, are several flaws with Whitney's request.

First, as previously mentioned, Whitney has not yet filed a Complaint asserting a federal cause of action. Here, it would be futile to give Whitney time to do so because he *concedes* that he has not exhausted his administrative remedies, which is a *prerequisite* to filing a complaint raising his retaliation claim in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock,* 549 U.S. 199, 219 (2007) (explaining that a prisoner must fully and properly comply with the prison's exhaustion rules before filing a lawsuit in federal court, and that dismissal of improperly exhausted claims is mandatory); *see also Bush v. Davis*, 2:16CV160 BSM/JTR, 2017 WL 1538172 (E.D. Ark. April 11, 2017) (unpublished decision) (dismissing a § 1983 action where it was clear from the face of the complaint that a prisoner had not exhausted his administrative remedies); *Blanchard v. Brown*, 4:16CV315 SWW/BD, 2016 WL 4925168 (E.D. Ark. Aug. 17, 2016) (unpublished opinion) (same).

Second, to obtain preliminary injunctive relief, the Court must consider: (1) the threat of irreparable harm to the Whitney; (2) the balance between the harm to Whitney and the harm to Defendants should the injunction issue; (3) the likelihood

of success on the merits of Whitney's retaliation claim; and (4) the public interest. *See Arnzen v. Palmer,* 713 F.3d 369, 372 (8th Cir. 2013).

As previously discussed, Whitney's request for preliminary relief is premature because he has not filed a Complaint or otherwise demonstrate that he is likely to succeed on the merits of his retaliation claim. *See Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014) (holding that a retaliatory disciplinary claims fails, as a matter of law, if it is supported by "some evidence"); *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) (explaining that a disciplinary decision made by an impartial decision maker and supported by some evidence "essentially checkmates a retaliation claim").

Finally, Whitney has not established irreparable harm because there is an alternative and more effective way for him to seek preservation of what *may potentially be* relevant evidence in a *future § 1983 action*. Specifically, Whitney should promptly send a grievance or other written request asking Varner Unit officials to preserve specific video recording he believes may be relevant to future litigation.[1] *See* Fed. R. Civ. P. 37(e) (explaining that litigants must "take reasonable steps to preserve" electronically stored information "in the anticipation or conduct of litigation"). Whitney must then fully and properly exhaust his retaliation claim *against each Defendant* in the ADC's grievance process. If Whitney does not obtain

---

[1] Whitney should keep a copy of that grievance or other written request.

relief during the ADC's grievance process, he may then file a § 1983 Complaint raising his retaliation claim in federal court. If it is determined during the course of discovery that the Defendants have not taken reasonable steps to preserve relevant video recordings, Whitney may then file a Motion for Sanctions and/or request a spoliation instruction. *See* Fed. R. Civ. P. 37(e); *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 460 (8th Cir. 2013); *Stevenson* v. *Union Pac. R.R. Co.,* 354 F.3d 739, 746-748 (8th Cir. 2004).

Accordingly, the Court concludes that Whitney's Petition and Amended Petition seeking preservation of video recordings should be denied as premature and improperly filed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Whitney's Motion for a Ruling *(Doc. 5)* be GRANTED.

2. Whitney's Petition and Amended Petition *(Docs. 1 & 2)* be DENIED.

3. This case be DISMISSED, WITHOUT PREJUDICE.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 7th day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE